UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ANTHONY LAWRENCE and                                    16-cv-8678 (RA)
BRUCE TURNER

                 Plaintiffs,                   **AMENDED COMPLAINT**

   -against-                                       **JURY DEMAND**

CITY OF NEW YORK, POLICE OFFICER
ORTIZ, SERGEANT BERTRAN BOUILLON
[Shield # 291], and POLICE OFFICER ISMAIL
ABDULLAH [Shield #7692]

                 Defendants.
-------------------------------------------------------x

     Plaintiffs, by their attorney, Law Office of Philip Akakwam, P.C., complaining of the

defendants, City of  New York, Police Officer Ortiz, Sergeant Bertran Bouillon [Shield #291]

and Police Officer Ismail Abdullah [Shield #7692], upon information and belief allege as

follows:

<u>**INTRODUCTION**</u>

     1. This is an action at law to redress the deprivation under color of statute, ordinance,

regulation, custom, or usage of  rights, privileges, and immunities secured to the plaintiffs by the

Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, and by

Title 42 U.S.C. § 1983 [and § 1985].

     2. Plaintiffs seek monetary damages for: the false arrest, false imprisonment and

malicious prosecution of Plaintiffs and otherwise, for the violation of Plaintiffs' federally

guaranteed constitutional and civil rights. Plaintiffs seek whatever other relief is appropriate and

necessary in order to serve the interest of justice and assure that their remedy is full and

complete.

**JURISDICTION**

3.  The jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343[3] and [4] in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and under the Fourth and Fourteenth Amendments to the United States Constitution.

4.  Jurisdiction is also invoked pursuant to 28 U.S.C. Section 1367, entitled Supplemental Pendent Party Jurisdiction. Plaintiffs request that the Court invoke pendent jurisdiction over any and all claims arising under the laws and Constitution of the State of New York.

5. Venue is proper in this district under 28 U.S.C. § 1391(b) because the acts in question occurred in New York County, and the City of New York is subject to personal jurisdiction in the Southern District of New York.

**PARTIES**

6.  Plaintiff, Anthony Lawrence, is a black male resident of the City of New York, County of Kings and State of New York.

7.  Plaintiff, Bruce Turner, is a black male resident of the City of New York, County of Kings and State of New York.

8.  The City of New York is a municipal entity existing under the laws and Constitution of the State of New York and was the employer of the defendant police officers through its Police Department - New York City Police Department- and the actions of the police officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

9. Defendants Police Officer Ortiz, Sergeant Bertran Bouillon [Shield #291], and Police Officer Ismail Abdullah [Shield #7692] are New York City Police Officers employed with the 5th

Precinct located in Manhattan, New York who violated plaintiffs' rights as described herein.

10. Upon information and belief, defendant Police Officers "John Does 1-12" are New York City Police Officers employed with 5th Precinct located in Manhattan, New York who violated plaintiffs' rights as described herein.

11. The individual defendants are sued in their individual and official capacities.

## FACTS COMMON TO ALL CAUSES OF ACTION

12. On or about December 31, 2015, at approximately 12:00 p.m., defendant officers, acting in concert and without probable cause, assaulted and arrested plaintiffs in front of 550 Broadway, New York, New York, and charged plaintiffs' with certain crimes.

13. At the time and place aforementioned, plaintiffs were out shopping when about twelve police officers including the defendant officers, in plain clothes suddenly descended upon plaintiffs with their weapons drawn and immediately grabbed plaintiffs with great force.

14. Plaintiffs were then immediately subjected to body search by the defendant officers who also pushed and shoved plaintiffs.

15. Although defendant officers did not find anything illegal on any of the plaintiffs, they nonetheless placed both plaintiffs in handcuffs which were made so tight that both plaintiffs suffered bruises in their wrists.

16. Plaintiff Anthony Lawrence complained to the officers that the handcuffs were too tight and pleaded with them to loosen it but the officers refused.

17. Then plaintiffs were forcibly pushed into a police vehicle by the defendant officers who thereafter transported plaintiffs to the 5th Precinct where they were searched, fingerprinted, photographed and detained in a cell.

18. Plaintiff Anthony Lawrence was detained at the Precinct for about 7 hours before he was issued a Desk Appearance Ticket (DAT) accusing said plaintiff of disorderly conduct and promoting gambling.

19. And plaintiff Bruce Turner was detained at the Precinct for about 6 hours before he was issued a Desk Appearance Ticket (DAT) accusing said plaintiff of disorderly conduct and promoting gambling.

20. Plaintiff Anthony Lawrence appeared in court about four times to defend himself against the charges and on June 1, 2016, all the charges brought against him were dismissed.

21. Plaintiff Bruce Turner appeared in court about two times to defend himself against the charges and on April 11, 2016, all the charges brought against him were dismissed.

22. Plaintiffs did not engage in suspicious, unlawful or criminal activity prior to or during the above incident.

23. That each and every officer who responded to and/or was present at the location of plaintiffs' arrest and/or at the precinct knew that plaintiffs did not commit any crime, and each had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

24.  Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

25. Plaintiffs suffered physical injuries, emotional distress, fear, humiliation, shock, embarrassment, loss of liberty, psychological trauma, pain, and damage to reputation as a consequence of the defendants' unlawful conduct alleged herein.

26. Plaintiffs suffered violations of their federally guaranteed constitutional and civil rights including rights guaranteed to them under the Fourth, Fifth and Fourteenth Amendments to

4

the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

27. Defendant Officers acted together and in concert sanctioning and ratifying and otherwise condoning the wrongful actions being taken by each of the defendant officers in a collective manner and fashion.

28. Plaintiffs have no other adequate remedy at law but for this action.

### AND AS FOR A FIRST CAUSE OF ACTION:
### 42 U.S.C. § 1983 - FALSE ARREST AND IMPRISONMENT

29. Plaintiffs reiterate paragraphs 1 through 28 and incorporate such by reference herein.

30. By their conduct under color of law, defendant officers deprived plaintiffs of their constitutional right to be free from false arrest and false imprisonment.

31. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

### AND AS FOR A SECOND CAUSE OF ACTION:
### 42 U.S.C. § 1983 - MALICIOUS PROSECUTION

32. Plaintiffs reiterate paragraphs 1 through 31 and incorporate such by reference herein.

33. Plaintiffs were subjected to malicious prosecution in violation of their rights under the Fifth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

34. Defendant officers initiated the malicious prosecution against plaintiffs without probable cause to believe that it would succeed.

35. The defendant officers acted with malice to cover up their illegal and unconstitutional conduct by initiating the malicious prosecution.

5

36. The above-stated malicious prosecution was terminated in plaintiffs' favor when all the charges were dismissed.

37. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damage herein before stated.

## AND AS FOR A THIRD CAUSE OF ACTION:
## 42 U.S.C. § 1983 - UNREASONABLE AND EXCESSIVE FORCE

38. Plaintiffs reiterate paragraphs 1 through 37 and incorporate such by reference herein.

39. During the arrest of plaintiff, defendant officers subjected plaintiff Anthony Lawrence to use of excessive force by maliciously and gratuitously grabbing and twisting his arms even though he was not resisting arrest, and by subjecting said plaintiff to excessively tight handcuffs.

40. Also, defendant officers subjected plaintiff Bruce Turner to use of excessive force by maliciously and gratuitously grabbing and twisting his arms even though he was not resisting arrest, and by subjecting him to excessively tight handcuffs.

41. As a direct and proximate result of the misconduct detailed above, plaintiffs sustained the damage herein before stated.

## AND AS FOR A FOURTH CAUSE OF ACTION:
## 42 U.S.C. § 1983 - FAILURE TO INTERCEDE

42. Plaintiffs reiterate paragraphs 1 through 41 and incorporate such by reference herein.

43. The defendant officers each had opportunities to intercede on behalf of plaintiffs to prevent the excessive use of force and unreasonable seizure but due to their intentional conduct or deliberate indifference declined or refused to do so.

44. As a direct and proximate result of the misconduct detailed above, plaintiffs sustained

the damage herein before stated.

## AND AS FOR A FIFTH CAUSE OF ACTION

**(Monell/42 U.S.C. Section 1983: Claim Against Defendant City of New York)**

45. Plaintiffs reiterate paragraphs 1 through 44 and incorporate such by reference herein.

46. The defendant City, through its police department, the NYPD, has developed and maintained policies and customs exhibiting deliberate indifference to the constitutional rights of its citizens, which caused the violations of plaintiffs' rights.

47. Defendant City, acting through the NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiffs, who are black, on the pretext that they were involved in some illicit activities.

48. Defendant City failed to provide proper training and/or failed to insure that the training provided was adequately understood in regard to the following tasks which police officers commonly perform:

(a)    The determination of probable cause to make an arrest;

(b)    The duty to take into account the totality of the circumstances in determining the existence of probable cause to make an arrest;

(c)    The circumstances under which investigative detentions may lawfully occur and the manner in which they may lawfully be executed;

(d)    The very limited circumstances under which a warrantless search may be carried out.

(e)     The constitutional prohibition against racial profiling.

49. The existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct. The City of New York had been accused of racial profiling on multiple occasions. And in *Ligon v. City of New York*, 12 Civ. 2274, 2013 U.S. Dist. LEXIS 22383, at *9-*10 (S.D.N.Y. Feb. 14, 2013), the Court determined that the City of New York, acting through the NYPD, engages in illegal and unreasonable stop, frisk, search and seizure.

50. Police officers of the NYPD are permitted, as a policy and/or practice, to fill their arrest quotas by making unlawful arrests.

51. As part of its policies, customs and practices, Defendant City has failed to take proper corrective and punitive actions against overreaching police officers thus creating the impression that crime reduction is paramount and triumphs over constitutional rights in all circumstances.

52. Prior to and at the time of the incident alleged herein, the defendant City was aware of the need for more or different training, rules, regulations, investigation and discipline relating to police officers engaged in racial profiling, and was deliberately indifferent to that need.

53. As a direct and proximate result of the City's policies and deliberate indifference, defendants violated plaintiffs' constitutional rights causing plaintiffs to suffer substantial damages.

## AND AS FOR A SIXTH CAUSE OF ACTION:
## <u>UNDER NEW YORK STATE CONSTITUTION</u>

54. Plaintiffs reiterate paragraphs 1 through 53 and incorporate such by reference herein.

55. By arresting, detaining and prosecuting plaintiffs without probable cause or reasonable suspicion, and assaulting plaintiffs and using excessive force against them, the defendant officers, deprived plaintiffs of rights, remedies, privileges and immunities guaranteed to every New Yorker by Article 1, Section 12 of the New York State Constitution.

56. In addition, the defendant officers conspired among themselves to deprive plaintiffs of their constitutional rights secured by Article 1, Section 12 of the New York State Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

57. The Defendant Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Such acts by Defendant Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive the plaintiffs of their constitutional rights secured by Article 1, Section 12 of the New York State Constitution.

58. Defendants, their officers, attorneys, agents, servants and employees were responsible for deprivation of Plaintiffs' State Constitutional rights. Defendant City, as employer of each of the defendant officers, is responsible for their wrongdoing under the common law doctrine of _respondeat superior._

59. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damage herein before stated.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants as follows:

i.      For compensatory damages in an amount to be determined at trial - against all

        defendants, jointly and severally;

ii.     For punitive damages against the individual defendants in an amount to be

        determined at trial;

iii.    For reasonable attorneys' fees, together with costs and disbursements of this

        action, pursuant to 42 U.S.C. § 1988 and to the inherent powers of this Court;

iv.     For pre-judgment interest as allowed by law; and

v.      For such other and further relief as the court deems just and proper.

Dated: Brooklyn, New York
       May 10, 2017

                                        LAW OFFICE OF PHILIP AKAKWAM, P.C.

                                        By:     _____/s/_____
                                                Philip Akakwam, Esq.
                                                Attorney for the Plaintiffs
                                                303 Livingston Street, 2nd Floor
                                                Brooklyn, N.Y. 11217
                                                (718) 858-2488

10

16-cv-8678 (RA)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY LAWRENCE and
BRUCE TURNER

                          Plaintiffs

        -against-

CITY OF NEW YORK, POLICE
OFFICER ORTIZ, SERGEANT BERTRAN
BOUILLON [Shield # 291], and POLICE OFFICER
ISMAIL ABDULLAH [Shield #7692]

                          Defendants.

# AMENDED COMPLAINT

LAW OFFICES OF PHILIP AKAKWAM, P.C.
Attorney for Plaintiffs
Office and Post Office Address
303 Livingston Street, 2nd Floor
Brooklyn, N.Y. 11217
(718) 858-2488

TO:

Service of a copy of the within is hereby admitted.

Dated: